UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 22-05382 MWF (JCx) | **Date:** | October 26, 2022 |
| **Title:** | Miguelina Escobar v. Sam's West, Inc. | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR MONETARY SANCTIONS [11]

Before the Court is Plaintiff Miguelina Escobar's Motion to Remand and Request for Monetary Sanctions (the "Motion"), filed on September 9, 2022. (Docket No. 11). Defendant Sam's West, Inc. filed an Opposition on September 16, 2022. (Docket No. 13). No Reply was filed.

The Motion was noticed to be heard on **October 17, 2022**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**. Plaintiff waived her timeliness objection by failing to file the Motion within 30 days.

## I.   BACKGROUND

Plaintiff commenced this action on January 11, 2022, in the Los Angeles County Superior Court. (Notice of Removal; Exhibit 1 (the "Complaint") (Docket No. 1)). The Complaint alleges that Plaintiff suffered severe personal injury when Defendant's employee struck her with a heavy flatbed cart. (Complaint at 9).

Defendant filed its answer to the Complaint on February 10, 2022. (Notice of Removal; Exhibit 2 ("the Answer") (Docket No.1)).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-05382 MWF (JCx)**                    **Date:  October 26, 2022**
**Title:**     Miguelina Escobar v. Sam's West, Inc.

Thereafter, Defendant propounded various written discovery requests on Plaintiff, including certain interrogatories and requests for production seeking information and damages regarding the nature and extent of Plaintiff's injuries and damages, including medical treatment costs incurred by Plaintiff for injuries attributed to the subject incident.  (Motion at 3).  On March 28, 2022, Plaintiff served responses to Defendant's discovery requests including 36 medical bills from seven medical providers, which showed Plaintiff incurred approximately $71,765 in medical treatment costs.  In responses to the form interrogatories, Plaintiff denied property damages claims, wage loss and earning capacity claims, and other damages.  (Opposition at 7; Unnumbered Exhibit ("Plaintiff's Verified Response to Form Interrogatories") at 12–15 (Docket No. 13-2)).

On June 28, 2022, Defendant served a Request for Statement of Damages.  (Opposition at 2; Declaration of Flora Ruoya Li ¶ 6 (Docket No. 13-1)).  On July 5, 2022, Plaintiff provided a Statement of Damages signaling that damages sought were at least $677,435.  (Opposition at 2, Ex. 4).  On August 2, 2022, Defendant filed a Notice of Removal with this Court.  On September 9, 2022, Plaintiff filed this Motion.

## II.  LEGAL STANDARD

"On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence."  *Taylor v. United Road Services*, CV 18-00330-LJO (JLTx), 2018 WL 2412326, at *2 (E.D. Cal. May 29, 2018) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 86-87 (2014); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 978 (9th Cir. 2013)).  The non-moving party bears the burden of identifying "a legitimate source of the court's jurisdiction" and "[d]isputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party."  *Pac. Mar. Ass'n v. Mead*, 246 F. Supp.2d 1087, 1089 (N.D. Cal. 2003) (citing *Gaus*, 980 F.2d at 566).  Removability is determined based on the removal notice and the complaint as it existed at the time of removal.  *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-05382 MWF (JCx)           **Date:** October 26, 2022
**Title:** Miguelina Escobar v. Sam's West, Inc.

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states."

### III. **DISCUSSION**

Plaintiff seeks remand of this action because she argues that removal was untimely. (Motion at 2).

Because the parties do not appear to contest whether they are in fact diverse in terms of citizenship, and the parties have set forth that they are citizens of different states (Plaintiff is a citizen of California; Defendant is incorporated in Delaware with headquarters in Arkansas), the Court concludes that diversity of citizenship is satisfied. Further, because the parties do not appear to contest that the amount in controversy is over $75,000, and because the allegations supported by evidence demonstrate that the amount in controversy exceeds the requisite jurisdictional threshold of $75,000, this Motion entirely turns on the question of timeliness.

Under 28 U.S.C. § 1446(b)(1), a defendant may file a notice of removal within 30 days after receiving a copy of the initial pleading or summons. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998).

Plaintiff argues that the evidence of the $71,750 in medical costs that Plaintiff sent to Defendant on March 28, 2022, when combined with the prayer for relief in the Complaint, should have triggered the 30-day period where removal was timely. (Motion at 5 (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001) (28 U.S.C. § 1446 "requires a defendant to apply a reasonable amount of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-05382 MWF (JCx)**                     **Date:  October 26, 2022**
**Title:**      Miguelina Escobar v. Sam's West, Inc.

intelligence"))).  Accordingly, Plaintiff contends that Defendant's removal filed on August 2, 2022, was untimely.  (*Id.*).

Defendant argues that Plaintiff's March 28, 2022, document production was insufficient to determine the amount in controversy for several reasons.  First, Defendant argues that it was unclear if any of the 36 medical bills were duplicates or related to injuries suffered from unrelated injuries. (Opposition at 5).  Second, Defendant points out that Plaintiff never produced a document that indicated the cumulative medical costs.  (*Id.*).  Third, Defendant contends it was reasonable to think the amount would be reduced because Plaintiff is a Medi-Cal recipient, and it is unlikely that her insurer will pay the full cost of the allegedly inflated bills.  (*Id.* at 6–7)  Finally, Defendant argues that because Plaintiff denied property damage claims, wage loss claims, and other damages, it was reasonable to think that the matter did not qualify for removal.  (*Id.* at 7).

While the Court finds Defendant's argument persuasive, the Court need not consider the merits behind Defendant's delay because Plaintiff has waived her right to pursue a motion for remand based on procedural defects. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within ***30 days*** after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447 (emphasis added); *see also Herrera v. Ford Motor Co.*, No. CV 21-4731-PA (MARx), 2022 WL 562267, at *3 (C.D. Cal. Feb. 24, 2022) ("Unlike a lack of subject matter jurisdiction, a Plaintiff challenging a procedural deficiency must do so within 30 days after the filing of the Notice of Removal.").

Plaintiff filed this Motion on September 9, 2020, which is 38 days after Defendant removed the action.  Therefore, Plaintiff's timeliness objection is waived.  *See* 28 U.S.C. § 1447.

Accordingly, the Motion to Remand is **DENIED**.

The corresponding Request for Monetary Sanction is also **DENIED.**

IT IS SO ORDERED.